# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS WASHINGTON, JR., <br><br> Petitioner, <br><br> v. <br><br> CDCR, et al., <br><br> Respondents. | Case No. 1:17-cv-00835-EPG-HC <br><br> ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of the United States Magistrate Judge. (ECF No. 4).

On June 22, 2017, Petitioner filed the instant federal petition for writ of habeas corpus. (ECF No. 1). Petitioner asserts that he has lost privileges and is receiving the program of a disciplinary inmate despite not being a disciplinary inmate. Additionally, Petitioner complains of dental issues. (Id. at 3–4).[1]

On July 10, 2017, the Court ordered Petitioner to notify the Court whether he would like to convert the habeas petition to a § 1983 civil rights action or to voluntarily dismiss the petition without prejudice. (ECF No. 5). To date, Petitioner has failed to notify the Court, and the time for doing so has passed. Accordingly, the Court will dismiss the instant habeas petition without

---
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

prejudice to Petitioner refiling his claims in a § 1983 action.

Having found that Petitioner is not entitled to habeas relief, the Court now turns to the question of whether a certificate of appealability should issue. See Rule 11, Rules Governing Section 2254 Cases. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

To obtain a certificate of appealability under § 2253(c), a petitioner "must make a substantial showing of the denial of a constitutional right, . . . includ[ing] showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)).

In the present case, the Court finds that reasonable jurists would not find the Court's

2

determination that Petitioner's federal habeas corpus petition should be dismissed debatable or wrong, or that the issues are deserving of encouragement to proceed further. Therefore, the Court declines to issue a certificate of appealability.

Accordingly, the Court HEREBY ORDERS that:

1. The petition for writ of habeas corpus is DISMISSED without prejudice to Petitioner refiling his claims in a § 1983 action;
2. The Clerk of Court is DIRECTED to CLOSE the case; and
3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **October 5, 2017**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE